IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:  NICOLIA L. ISOM,  Case No. 07-31469-KRH
 Chapter 7
  Debtor.

## MEMORANDUM OPINION

The Court conducted a hearing on June 6, 2007, in this case (the "Hearing"), wherein it was asked to address the question that was raised but was left unresolved in *In re Husain*, 364 B.R. 211 (E.D. Va. 2007). That question is whether counsel's decision to not execute the Part C certification of a reaffirmation agreement is equivalent to the debtor's not being represented by an attorney during the course of negotiating the agreement, thus permitting the Court to conduct a hearing pursuant to the provisions of 11 U.S.C.A. § 524(d) and (c)(6)[1]. This question was presented on the Debtor's motion (the "Motion") for Court approval of her reaffirmation agreement (the "Reaffirmation Agreement") with Virginia Credit Union, Inc. (the "Creditor"). For the reasons detailed below, the Court held at the conclusion of the Hearing that absent the declaration or affidavit of the Debtor's attorney as required by 11 U.S.C.A. § 524(c)(3), the Court has no authority to approve a reaffirmation agreement.

Due and proper notice of the Hearing on the Motion was served upon the Debtor, Debtor's counsel and the Creditor. The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The Debtor proposed by her Motion to reaffirm debt secured by

---

[1] The changes to the Bankruptcy Code affected by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) [Pub. L. No. 109-8, 119 Stat. 23 (2005)] have not yet been codified into the official United States Code. Since this opinion addresses primarily sections of the Bankruptcy Code affected by BAPCPA, all references to the Bankruptcy Code are to the United States Code Annotated 2004, as amended by West Supp. 2006.

a 2002 Chrysler Sebring automobile (the "Collateral"). The rebuttable presumption of undue hardship under 11 U.S.C.A. § 524(m) does not apply to this case as the Creditor is a credit union as defined in § 19(b)(1)(a)(iv) of the Federal Reserve Act.[2]

The Debtor properly executed the certification at paragraph 3 of Part D of Form 240A in support of the Reaffirmation Agreement. This is the certification that is applicable where the creditor is a credit union and where the debtor is represented by an attorney. The executed certification states that the Debtor believes that the Reaffirmation Agreement is in her financial interest and that she can afford to make the payments on the reaffirmed debt. The Debtor acknowledged receipt of both a copy of the reaffirmation disclosure statement in Part A of Form 240A and a copy of the completed and signed Reaffirmation Agreement. As directed in Part D of Form 240A, the box on page 1 of the Reaffirmation Agreement was checked to indicate that no presumption of undue hardship exists in this case.

Although the Debtor was represented by competent counsel, the Debtor's counsel did not execute the certification in Part C of the Reaffirmation Agreement as required by § 524(c)(3) of the Bankruptcy Code declaring that the Reaffirmation Agreement would not impose an undue hardship on the Debtor. Counsel represented at the Hearing that it was not her practice to make any such certification. Counsel argued that any such determination was best left up to the Court. Accordingly, counsel for the Debtor struck through the signature block on the form and wrote in "No endorsement - hearing required."

---

[2] 11 U.S.C. § 524(m)(1) raises a rebuttable presumption that a reaffirmation agreement imposes an undue hardship on the debtor if the debtor's monthly income, less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of the agreement, as required by § 524(k)(6)(A) of the Bankruptcy Code, is less than the scheduled payments on the reaffirmed debt. 11 U.S.C.A. § 524(m)(2) provides that this presumption does not apply where the creditor is a credit union as defined in § 19(b)(1)(a)(iv) of the Federal Reserve Act (codified at 12 U.S.C. § 461(b)(1)(A)(iv)). Notwithstanding that exception, the Court finds that the Debtor's income after expenses is adequate to make the monthly payments required by the Reaffirmation Agreement as shown on the Debtor's schedules I and J annexed to her bankruptcy petition; and, accordingly, no presumption would arise under § 524(m) in the first instance.

Strict compliance with the provisions of § 524 of the Bankruptcy Code has always been a prerequisite to enforce a reaffirmation agreement. Reaffirmation agreements that fail to comply fully have been held void and unenforceable. *See, e.g., In re Hovestadt*, 193 B.R. 382, 386 (Bankr. D. Mass. 1996). Strict compliance was designed to protect the honest but unfortunate debtor's fresh start. *In re Vargas*, 257 B.R. 157, 166 n.12 (Bankr. D.N.J. 2001). Prior to the enactment of BAPCPA, § 524(c) of the Bankruptcy Code provided a checklist of requirements for an enforceable reaffirmation agreement.[3] Counsel for the reaffirming debtor was obligated to investigate and explain the relevant facts about the reaffirmation to the client. *See In Re Bruzzese*, 214 B.R. 444, 451 ( Bankr. E.D.N.Y. 1997) (debtor's attorney sanctioned for failing to investigate and explain to the debtor the relevant facts about the reaffirmation agreement).

With the enactment of BAPCPA, Congress has imposed additional criteria for a reaffirmation agreement to be enforceable. More is required now than just an executed agreement coupled with counsel's certification that the debtor understands the agreement and that it does not impose an undue hardship. The Debtor must be provided with the detailed disclosures that are set forth in 11 U.S.C.A. § 524(k). The addition of § 524(k) into the Bankruptcy Code is considered one of the primary protections that Congress afforded to Chapter 7 debtors when it enacted BAPCPA. *In re Quintero*, No. 06-40163, 2006 WL 1351623 (Bankr. N.D. Cal. May 17, 2006). The addition was designed to provide an extra measure of consumer protection over and above that previously provided in the Bankruptcy Code.[4]

Even in cases where debtor's counsel has made the necessary certification and where the debtor has received the requisite disclosures, the court now is empowered to disapprove the

---

[3] David B. Wheeler & Douglas E. Wedge, *A Fully Informed Decision: Reaffirmation, Disclosure and the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 Am. Bankr. L. J. 789, 790 (2005).

[4] H.R. Rep. No. 109-31, at 57 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 127.

3

reaffirmation agreement under certain circumstances. Section 524(m) of the Bankruptcy Code further conditions the debtor's ability to enter into a binding reaffirmation agreement by establishing a presumption that any reaffirmation agreement imposes an undue hardship on the debtor "if the debtor's monthly income . . . less the debtor's monthly expenses is less than the scheduled payments on the reaffirmed debt." The debtor may overcome the presumption by submitting to the court, in writing, an explanation of the source of the additional funds that will be needed to comply with the terms of the proposed reaffirmation agreement. 11 U.S.C.A. § 524(m). If the court is satisfied that the debtor is able to overcome the presumption of undue hardship, it may then approve the reaffirmation agreement. Thus, the approval of both debtor's counsel *and* the court is required where the statutory presumption arises. Those circumstances are not presented in this case.[5]

The Bankruptcy Code does not offer a mechanism, however, for the Court independently to approve a reaffirmation agreement under circumstances in which the debtor's attorney has not executed the certification under Part C. The Code is explicit that an agreement between a debtor and a holder of a claim such as the Creditor in this case, the consideration for which claim is based on a dischargeable debt, is enforceable *only* if the requirements of 11 U.S.C.A. § 524(c) have been fully satisfied.[6] Subsection (c)(3) of section 524 requires that a reaffirmation

---

[5] See note 2 *supra*.

[6] 11 U.S.C.A. § 524(c) provides:
An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, *only* if--
    **(1)** such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
    **(2)** the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
    **(3)** such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that--
        **(A)** such agreement represents a fully informed and voluntary agreement by the debtor;

4

agreement be accompanied by a declaration or affidavit of the attorney that represented the debtor during the course of negotiating the agreement stating that (i) the agreement represents a fully informed and voluntary agreement of the debtor, (ii) the agreement does not impose an undue hardship on the debtor or a dependent of the debtor, and (iii) the attorney has fully advised the debtor of the legal effect and consequences of the agreement and any default thereunder.[7] Only in a case concerning an individual who is *not* represented by an attorney during the course of negotiating an agreement under § 524(c) does the court have the authority to approve such an agreement.[8] In cases where the debtor has counsel, Congress has not authorized the bankruptcy court to substitute its judgment in the place of that of debtor's counsel in order to render a reaffirmation agreement enforceable.

The Court notes that counsel for the Debtor argued at the Hearing that she did not actually represent the Debtor "during the course of negotiating the agreement" and that she was merely facilitating the approval process by her appearance at the Hearing on behalf of her client.

---

> **(B)** such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
> **(C)** the attorney fully advised the debtor of the legal effect and consequences of--
>     **(i)** an agreement of the kind specified in this subsection; and
>     **(ii)** any default under such an agreement;
> **(4)** the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
> **(5)** the provisions of subsection (d) of this section have been complied with; and
> **(6)**     **(A)** in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as--
>     **(i)** not imposing an undue hardship on the debtor or a dependent of the debtor; and
>     **(ii)** in the best interest of the debtor.
> **(B)** Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property. (Emphasis supplied).

[7] New § 524(k)(2) of the Bankruptcy Code permits in pertinent part that the "[d]isclosures . . . may use terminology different from that set forth in paragraphs (2) through (8) [of § 524(k)]." Section 524(k)(5) of the Bankruptcy Code provides the form for the "Part C: Certification by Debtor's Attorney." Thus, § 524(k)(2) of the Bankruptcy Code may provide counsel with some limited ability to draft around language in § 524(c)(3) that is perceived to be problematic.

[8] As was seen in *Husain*, however, the Court may disapprove a reaffirmation agreement even in the absence of the certification of a debtor's counsel is the provisions of § 524(m) are implicated.

The Court was not persuaded by this argument for several reasons.  First, the Debtor obviously thought that she *had been* represented by counsel, as illustrated by her execution of Part D of form 240A on the line required for debtors who are represented by an attorney, and she did not execute Part E of the form, required when the debtor is not represented by counsel.  Second, the protections Congress intended to afford debtors by requiring their counsel's participation in the reaffirmation process cannot be disregarded so cavalierly.  *See e.g., In Re Bruzzese*, 214 B.R. at 451.  Cognizant of the very serious consequences that reaffirmation could have, Congress, *through BAPCPA and its additions to § 524*, sought to impose meaningful hurdles into the reaffirmation process.  Even with all the new disclosures in place, Congress was unwilling to leave the decision to reaffirm dischargeable debt solely to the discretion of the debtor.  Congress wanted to interject the informed judgment of debtor's counsel into the process.  Obviously, Congress did not envision that counsel would merely rubber stamp a client's wishes.  Rather, it was counsel's considered reluctance to approve *onerous and ill-advised* reaffirmation agreements that Congress hoped to achieve.

Finally, counsel cannot shirk this important responsibility by unilaterally withdrawing from the process and abandoning the client.  As was stated in *In re Carvajal,* 2007 WL 1366378 (Bankr. E. D. Va. April 25, 2007):

> [O]nce [counsel] makes an appearance in a bankruptcy case, he has made an appearance for all matters in that bankruptcy case and must appear with respect to them unless otherwise excused by the court. Reaffirmation agreements are an integral part of chapter 7 representation of debtors. By accepting a chapter 7 case, counsel is accepting all aspects of the case including counseling with respect to reaffirmation agreements, negotiations with creditors with respect to reaffirmation agreements, and representing debtors in court with respect to reaffirmation agreements.
> This is not to say that counsel is not to be paid for these services. It is expected that counsel will be paid for all services he renders. . . . If there are difficulties with the attorney-client relationship, including non-payment of fees, counsel may seek leave to withdraw.

*Id.* Counsel in this matter has not been granted leave to withdraw from the representation of her client. Accordingly, at Hearing the Court found that the Debtor, at all relevant times, was represented by counsel in this case.

As pointed out above, through BAPCPA's amendments to § 524's reaffirmation provisions, Congress mandated the accompaniment of counsel's endorsement to a reaffirmation agreement as an important procedural safeguard to further protect the debtor's fresh start. Counsel's failure to execute the necessary certification ends the reaffirmation process. The Court is not authorized to approve the Reaffirmation Agreement without counsel's endorsement. The failure of Debtor's counsel to endorse Part C of the Reaffirmation Agreement, in and of itself, renders the agreement unenforceable.

At the conclusion of the Hearing, counsel for the Debtor requested an opportunity to respond to the Court's bench ruling. The Court granted counsel leave to respond. Thereafter, counsel timely filed an Amended Attorney Certification together with a response in the form of correspondence directed to the Court. The Court finds that counsel has now made the requisite declaration pursuant to § 524(c) of the Bankruptcy Code in the Amended Certification of Counsel. As there has now been full compliance with all of the requirements of § 524(c) of the Bankruptcy Code and as there are no grounds under § 524(m) of the Bankruptcy Code that require Court review of the agreement,[9] there is no further reason for Court involvement in this matter.

---

[9] See text at note 5 and see note 2 *supra*.

The Court is cognizant of counsel's concerns that her views and opinions concerning reaffirmation agreements are often radically different from those of her clients.[10] Congress had hoped to interject such reticence into the reaffirmation process. Reaffirmation of dischargeable debt should not be undertaken lightly. The court is confident that the reaffirmation agreement in this case was given the very sober consideration Congress intended for such agreements to receive. But no counsel should ever feel compelled to execute an attorney certification against counsel's better judgment.

This Court has ruled previously that entering into a Reaffirmation Agreement constitutes compliance with the requirements of §§ 362(h) and 521(a) of the Bankruptcy Code. Such compliance renders § 521(d) of the Bankruptcy Code inapplicable to the case. The consequences arising from § 521(d) of the Bankruptcy Code are triggered upon a debtor's failure to enter into the appropriate agreement, not by counsel's refusal to endorse the agreement or by the court's inability to approve the agreement. Enforceability of the reaffirmation agreement is not required. *In re Husain,* 364 B.R. 211 (E.D. Va. 2007). Any *ipso facto* clause that may be contained in the original contract between the parties will be unenforceable. *Id*.[11] The Bankruptcy Code provides that the Debtor may continue to repay the debt, 11 U.S.C.A. § 524(f), and that the Creditor may continue to accept payments from the Debtor, 11 U.S.C.A. § 524(l)(1). The Creditor may not repossess its collateral without violating the automatic stay and the discharge injunction unless there is a subsequent payment or insurance default. *Id.*, citing *In re Riggs,* No. 06-06346 2006 WL 2990218 at *3 (Bankr. W.D. Mo. Oct. 12, 2006) (finding debtor had fully performed duties

---

[10] Counsel wrote "I am admittedly prejudiced that most of these agreements are by their very nature financial extortion of people who may have tarnished credit, and as such, do impose an undue hardship on the consumer. However, by the time the debtor arrives in my office the damage is already done. Most creditors are not willing to negotiate the terms of reaffirmation agreements, because they know they have these debtors in precarious positions."

[11] The general rule is that an *ipso facto* clause in an installment loan contract is "unenforceable as a matter of law." *Home Owners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345, 348 (4th Cir. 1992); *Riggs Nat'l Bank v. Perry*, 729 F.2d 982 (4th Cir. 1984).

under § 521(a) notwithstanding the court's ruling that the agreement would be disapproved and unenforceable; and holding § 521(d) was not triggered and secured creditor could not repossess collateral based solely upon default under security agreement's *ipso facto* clause; collateral could be repossessed only in event of payment or insurance default or if creditor's position is or became "significantly impaired"). Whenever counsel feel that their independent judgment precludes them from endorsing a reaffirmation agreement, Counsel need only file the reaffirmation agreement without the certification set forth in § 524(k)(5). That will end the process. No further hearing on the matter is necessary or warranted.

Entered: _____

_____/s/ Kevin R. Huennekens_____
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Nicolia L. Isom
1009 Shelby Drive
Richmond, VA  23224

Pia J. North
North & Associates, P.C.
8014 Midlothian Tpke, Suite 202
Richmond, VA  23235

Virginia Credit Union, Inc.
ATTN:  Barbara Bowles, Bankruptcy Supervisor
P. O. Box 90010
Richmond, VA  23225

Roy M. Terry, Jr.
DurretteBradshaw, P.L.C.
P.O. Box 2188
Richmond, VA  23218-2188